UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RYAN NATHANIEL LEWIS,

        Plaintiff,                       Case No. 1:07-cv-72

v.                                          Honorable Richard Alan Enslen

MICHAEL COX,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner, purports to bring this action under FED. R. CIV. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff is presently incarcerated at the Florence Crane Correctional Facility. In November 2005, Plaintiff was sentenced to two-and-one-half to five years' incarceration by the Otsego County Circuit Court after he pleaded guilty to one count of attempted second-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520c(1)(a). In his *pro se* action for declaratory judgment, Plaintiff claims that in 1974 the Michigan state legislature passed the statute governing CSC in violation of state and federal constitutional provisions; and Plaintiff is therefore being wrongfully detained pursuant to an illegally-passed law.

For relief, Plaintiff requests that this Court declare the 1974 passage of the CSC provision unconstitutional, and other relief the court deems necessary. (Compl. at 21).

I note that numerous inmates at the Florence Crane facility convicted under the CSC statute have filed actions nearly identical to Plaintiff's. *See Poling v. State of Mich.,* No. 1:06-cv-841 (W.D. Mich.); *Rivera v. State of Mich.,* No. 1:06-cv-783 (W.D. Mich.); *Jenney v. State of Mich.,* No. 1:06-cv-771 (W.D. Mich.); *Trouten v. State of Mich.,* No. 1:06-cv-736 (W.D. Mich.); *Anderson v. State of Mich.,* No. 1:06-cv-714 (W.D. Mich.); *Borah v. State of Mich.,* No. 1:06-cv-651 (W.D. Mich.); *Quantrell v. State of Mich.,* No. 1:06-cv-650 (W.D. Mich.); *Friske v. State of Mich.,* No. 1:06-cv-648 (W.D. Mich.); *Swihart v. State of Mich.,* No. 1:06-cv-649 (W.D. Mich.); *Hobby v. State of Mich.,* No. 1:06-cv-617 (W.D. Mich.).

II.     Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff seeks to invoke this Court's jurisdiction pursuant to the Fed. R. Civ. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. at 1). It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-74 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983); *Mich. Sav. & Loan League v. Francis,* 683 F.2d 957, 960 (6th Cir. 1982). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id*. Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Here, Plaintiff does not allege any valid basis for the Court's jurisdiction in this case. He attempts to place this action under the auspices of the Declaratory Judgment Act by alleging that

- 3 -

he is incarcerated as a direct result of the unlawful passage of the CSC statute, which gives him a "direct" and "practical" interest in declaratory relief. (Compl. at 2). This assertion, standing alone, does not confer this Court with jurisdiction over Plaintiff's claims. *See Heydon*, 327 F.3d at 470.

Plaintiff further attempts to invoke the Court's jurisdiction under the civil rights statute at 42 U.S.C. § 1983 by asserting that the 1974 Michigan Legislature violated his Fourth and Fourteenth Amendment rights in enacting the CSC statute. (Compl. at 1-2). This claim is not cognizable under § 1983 because it is barred by *Heck v. Humprey*, 512 U.S. 477, 486-87 (1994). Plaintiff's contention that the CSC statute is unconstitutional in effect challenges his conviction thereunder as unconstitutional. The United States Supreme Court has held that a state prisoner cannot make a cognizable claim under 28 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Plaintiff alleges that his conviction and sentence under MICH. COMP. LAWS § 750.530 is invalid, which would necessarily result in his release from prison. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *Preiser,* 411 U.S. at 484, 493. Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration

of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck*, (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  March 6, 2007     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).