UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RYAN NATHANIAL LEWIS,

        Plaintiff,

Case No. 1:07-CV-72

v.

Hon. Richard Alan Enslen

MICHAEL COX,

**JUDGMENT**

        Defendant.
_____/

Plaintiff Ryan Nathanial Lewis has filed written objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 6, 2007. Her Report recommends that Plaintiff's lawsuit be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A due to failure to state a claim. The Court now reviews the Report, the objections and the pertinent parts of the record *de novo*. *See* 28 U.S.C. § 636(b)(1)(B).

A complaint fails to state a claim when, accepting all the factual allegations as true, the allegations do not entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). In making this determination, the complaint is liberally construed in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Plaintiff's suit is based upon the Declaratory Judgment Act, 28 U.S.C. § 2201. Under federal law, that Act provides a remedy but not an independent basis for federal jurisdiction. *See Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In this instance, the only

possible basis for federal jurisdiction is that provided under 42 U.S.C. § 1983, respecting claims for violation of federal law by state officers.  Plaintiff alleges in his Complaint that his state conviction for attempted Second Degree Criminal Sexual Conduct with a person under 13, Mich. Comp. Laws § 750.520c, violated his rights under the Fourth, Sixth and Fourteenth Amendments to the Federal Constitution due to the unconstitutionality of Michigan's 1974 rape shield law, Mich. Comp. Laws § 750.520h.[1]  (*See* Compl. at 1-2, 7.)

Notwithstanding, as determined by the Magistrate Judge, the rule of *Heck v. Humprey*, 512 U.S. 477, 486-87 (6th Cir. 1994) bars any action challenging the fact of the conviction absent entry of prior habeas relief setting aside the conviction.  Plaintiff implicitly admits in his Response that he has not and cannot obtain relief through habeas corpus because it "is well beyond the time limits for doing a [petition for writ of ] Habeas Corpus . . . ."  (Response 9.)  Plaintiff does argue that various cases and doctrines support his claim for relief, though his arguments in this regard are impertinent and unpersuasive.  As noted by the Magistrate Judge, Plaintiff's action was framed as a form pleading based upon forms circulated at the Florence Crane Facility; the previous actions of this kind have been uniformly rejected by the federal courts.  (*See* Report 2.)

While the Court does accept the Report and Recommendation, Plaintiff makes one argument warranting legal education, if not substantive relief.  Plaintiff complains that the Magistrate Judge was a "party" who should have provided him with a copy of the unpublished decision, *Barnes v. Lewis*, 1993 WL 514483 (6th Cir. Dec. 10, 1993), cited within the Report.  This argument misconstrues Federal Rule of Appellate Procedure 32.1, which imposes a duty upon a filing "party"

---

[1]The history of the rape shield law is discussed in *People v. LaLone*, 437 N.W.2d 611, 620 n.5 (Mich. 1989).  The *LaLone* decision upheld the rape shield law against Sixth Amendment challenge.  *Id.* at 612

but not the federal courts. Nevertheless, it is within the District Court's supervisory powers to assist indigent litigants in understanding the basis for federal decisions by providing copies of unpublished decisions cited by the Court. Accordingly, the Court will grant the objections only to the limited extent of requiring the Clerk to mail to Plaintiff a copy of the unpublished decision.

The Court also accepts the Magistrate Judge's analysis that a certification for a good faith basis for appeal pursuant to 42 U.S.C. § 1915(a)(3) should not issue. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). The claims for substantive relief are wholly unsupported by the allegations and law such that an appeal would be a frivolous. *See Callihan v. Schneider,* 178 F.3d 800, 804 (6th Cir. 1999). This dismissal shall constitute a "strike" for the purposes of 28 U.S.C. § 1915(g).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Ryan Nathanial Lewis' objections (Dkt. No. 11) are **GRANTED** only to the extent that the Clerk shall mail a copy of this Judgment to Plaintiff, which Judgment shall contain as an appendix the unpublished decision in *Barnes v. Lewis*, 1993 WL 515483 (6th Cir. Dec. 10, 1993). Otherwise, the objections are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of March 6, 2007 (Dkt. No. 6) is **ADOPTED**, as amended herein, and this suit is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal of the Judgment would not be taken in good faith and that this dismissal shall count as a "strike" for the purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
         May 14, 2007           RICHARD ALAN ENSLEN
                                SENIOR UNITED STATES DISTRICT JUDGE